UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVACO, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>VEOLIA TRANSPORTATION SERVICES, INC.; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. CV 13-5159 ODW (FFMx)<br><br>Honorable Otis D. Wright II<br><br>**JOINT STIPULATION REGARDING [PROPOSED] PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY COURT |

Plaintiff Alvaco, Inc. and Defendant Veolia Transportation, Inc. (collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby stipulate as follows:

Good Cause Statement.  This action involves claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  The Parties therefore recognize that extensive discovery requesting information from the Parties and their vendors, including financial information, market information, and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's claims and Defendant's defenses thereto.  There will also potentially be

EAST\67646546.2
3814637.1 -- L103.10

1 various depositions of the Parties' employees or agents and third party vendors, and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The Parties will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other Parties and/or the public at large. This Order is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of Party information, as well as information needed from third parties, including most importantly the Parties' vendors, may become logistically very difficult, time consuming and expensive. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. It is hereby stipulated and agreed by and between the parties hereto, through their respective counsel, that the following Order may be entered by the Court to give effect to the stipulations set forth below.

## **SCOPE OF PROTECTION**

1. <u>Definitions of Confidential Information and Restricted Information</u>. As used herein, "Confidential Information" or "Restricted Information" shall mean information which constitutes, reflects or discloses confidential, competitively sensitive, proprietary and/or trade secret information of the designating person, or information that is protected from disclosure by the privacy rights of customers or other third parties, which the designating person wishes to maintain in confidence. Any party to the above-captioned action shall have standing to designate as Confidential Information or Restricted Information any information that was created by or communicated to or from an employee, or agent, of that party. "Designating person" means the party, or third person or entity, who designates documents, testimony or

information as Confidential Information or Restricted Information under this Order.

2. <u>Use of Confidential Information or Restricted Information</u>. All documents or information produced or to be produced by any party in connection with this litigation which have been designated by the producing party as Confidential Information or Restricted Information shall be used only for the purpose of this litigation, including trial preparation and trial.

3. <u>Disclosure of Confidential Information</u>. Except as otherwise provided by stipulation of counsel, which stipulation must include counsel for the designating party, or order of the Court upon a showing of good cause, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except: (1) counsel for the parties to this action and paralegals and other professional personnel employed by said counsel assisting those attorneys in the preparation and trial of this action; (2) retained experts and consultants who are assisting said counsel in preparation and/or trial; (3) the parties or representatives of the parties having responsibility for the prosecution or defense of the case; (4) the Parties and their officers, directors, and employees; (5) any mediators or referees agreed to by the Parties; and (6) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal. However, such Confidential Information may be disclosed to a witness at deposition or trial for the purpose of examining the witness if necessary. Except for purposes of impeachment of a party hereto, prior to disclosing the Confidential Information to the witness, counsel for the examining party shall, if appropriate, advise counsel for the designating party that he or she intends to use Confidential Information with the witness. In addition, the witness shall be required to sign the form specified in paragraph 5 of this Order prior to disclosure of the Confidential Information.

4. <u>Disclosure of Restricted Information</u>. Except as otherwise provided by stipulation of counsel, which stipulation must include counsel for the designating party, or order of the Court upon a showing of good cause, material designated as "Restricted

1  Information," copies or extracts therefrom and information therein, may be given,
2  shown, made available to, or communicated in any way only to: (1) counsel for the
3  parties to this action and paralegals and other professional personnel employed by said
4  counsel assisting those attorneys in the preparation and trial of this action; (2) retained
5  experts and consultants who are assisting said counsel in preparation and/or trial and to
6  whom it is necessary to disclose such information for purposes of this litigation; (3) the
7  Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal; (4)
8  any mediators or referees agreed to by the Parties; and (5) the author or a prior recipient
9  of the document containing the Restricted Information.  Material designated as
10 "Restricted Information" shall not be furnished, shown or disclosed to the parties or
11 their representatives.

12       5.     <u>Acknowledgment (Attachment A)</u>.  Each person to whom Confidential
13 Information or Restricted Information is disclosed by counsel shall be provided with a
14 copy of this Order.  Prior to being given access to these materials, each such person
15 shall acknowledge in writing his or her agreement to be bound by the terms of this
16 Order by executing the form specified in Attachment A hereto.

17       6.     Any attorney who discloses Confidential Information or Restricted
18 Information shall maintain in his or her office an executed acknowledgment in the form
19 of Attachment A from each person to whom such Confidential Information or
20 Restricted Information has been disclosed.

21       7.     <u>Designating Confidential Information or Restricted Information</u>.  In
22 connection with the production of documents in this action, any designating person may
23 stamp, mark or otherwise designate any document comprising, containing or referring
24 to Confidential Information produced or to be produced by it in connection with this
25 litigation as "Confidential -- Subject to Protective Order."  Similarly, Restricted
26 Information shall be stamped, marked or otherwise designated as "Restricted --
27 Attorney's Eyes Only -- Subject to Protective Order." Defendant Veolia Transportation,
28 Inc. acknowledges and confirms that it has received certain documents that were

1 designated by plaintiff Alvaco, Inc. as "Confidential" and were disclosed as part of
2 Plaintiff's initial disclosures pursuant to Rule 26(f) of the Federal Rule of Civil
3 Procedure. By mutual agreement, the aforementioned documents shall be and are
4 subject to the terms of this Joint Stipulation Regarding Protective Order.

5       8. <u>Depositions</u>. In connection with the taking of any deposition in this action:

6       a. The party who noticed or requested the deposition shall, prior to the
7 commencement of testimony at such deposition, serve a copy of this Order upon
8 the officer reporting the deposition. Such deposition officer shall acknowledge
9 service of a copy of this Order, and shall agree that he/she, his/her employees,
10 and his/her agents shall be bound by the terms of this Order, and shall make no
11 use or disclosure of Confidential Information or Restricted Information unless
12 expressly permitted by the terms of this Order, or by the express consent of all
13 parties and any designating person who are or may become subject to the
14 provisions of this Order. Such deposition officer shall provide copies of the
15 deposition transcript or deposition exhibits only to attorneys for the parties and,
16 if the deposition is of a third person or entity, to that deponent or his/her
17 attorney. Depositions at which Confidential Information or Restricted
18 Information is to be disclosed shall be attended only by persons authorized
19 hereunder to have access to such information.

20       b. Counsel for any party hereto may, either during any such deposition
21 or within thirty (30) days of receipt of the transcript, designate the deposition
22 transcript along with the deposition exhibits, or any portion thereof, as
23 Confidential Information or Restricted Information. If the deposition is of a
24 third person or entity not joined herein, that third person or entity may use the
25 same designation process set forth in this Paragraph.

26       c. Relating to deposition testimony, the witness or his counsel shall
27 invoke the provisions of this Order by stating on the record during the
28 deposition that testimony given at the deposition is designated "Confidential" or


"Restricted." No person shall attend those portions of the depositions designated "Confidential" or "Restricted" unless such person is an authorized recipient of classified information under the terms of this Order. Any court reporter who transcribes "Confidential" or "Restricted" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" or "Restricted" testimony is and shall remain as such and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "Confidential" or "Restricted," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

9. When a party to this Order designates the testimony (including proposed testimony) of a person being deposed as Confidential Information or Restricted Information, and objection is made to such designation, such testimony shall not be withheld because such objection has been made to the Confidential Information or Restricted Information designation. Such testimony shall be treated as Confidential Information or Restricted Information until a stipulation or order on motion that it should not be so treated.

10. <u>Amendments</u>. Any part or parts of this Order may be amended at any time by court order pursuant to written stipulation of the parties hereto or by order of this Court for good cause shown.

11. <u>Objecting to Designations</u>. If a party to this Order objects to the designation of any Confidential Information or Restricted Information, that party shall so notify the designating party in writing, identifying the Confidential Information or Restricted Information as to which the objection is made. The designating party shall respond within fifteen business days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the material that has been designated

as Confidential Information or Restricted Information, any party may seek a ruling from the Court with respect to the designation(s) to which it has objected. The party seeking to maintain the Confidential Information or Restricted Information shall bear the burden of establishing such status is warranted. Pending the Court's ruling, the provisions of this Order shall remain in force. **Any motion filed pursuant to this paragraph must comply with Local Rule 37.  (FFM)**

12. <u>Filing or Lodging Confidential Information or Restricted Information</u>. The parties shall comply with Rule 79-5 of the Central District of California Local Rules in connection with filing or lodging with the Court documents or information designated as Confidential Information or Restricted Information under this Order. Such documents or information shall be sealed in a clearly marked envelope and opened only upon further direction of this Court. No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified at Paragraphs 3 and 4, of this Order.

13. <u>No Admissions or Waivers</u>. The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order. Also, the execution of this Order shall not prevent the Parties from agreeing in writing or on the record during deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

14. <u>Inadvertent Disclosure</u>. If a Party or non-Party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges.  In such circumstances, the producing Party must immediately notify the receiving Party of

the inadvertent production, and request the return or confirmed destruction of the privileged materials.

15. <u>Third Parties</u>.  Nothing in this Order shall be construed as prejudicing or limiting the right of third persons or entities not joined herein from pursuing any and all remedies available to them.  If such third person or entity chooses to make a Confidential Information or Restricted Information designation in compliance with this Order, the third person shall be deemed to have submitted the question of validity of any challenged designation to the jurisdiction of this Court.  Nor shall the execution of this Order limit a Party's ability to grant non-Parties access to its own documents and/or information.

16. <u>Discovery and Use of Protected Material in Court</u>.  This Order shall not prevent or limit any party from using Confidential Information in discovery or in court.  This Order shall not prevent or limit any party from using Restricted Information in court or with respect to depositions of those persons authorized under this Order to view Restricted Information.  Additionally, documents or interrogatory responses which have been designated as Restricted Information may be used at the deposition of the party which produced the Restricted Information.  Any document or interrogatory response designated as Restricted Information and used in a deposition under the terms set forth in this Order which is desired to be attached as an exhibit to said deposition shall be sealed and separately bound from the testimony and exhibits which are not marked as Restricted Information.  With respect to use of Restricted Information in court, the party seeking to reference or introduce Restricted Information shall notify the producing party (and, if not the same person or entity, the Designating Party) before any pre-trial hearing or trial.  Counsel for any party may seek to exclude from hearing or trial any person (other than the witness then testifying) who is not authorized under this Order, during any presentation or questioning that involves Restricted Information, upon motion to the Court in accordance with Fed. R. Civ. P. 26(c).  The parties' agreement to the terms of this paragraph shall not constitute agreement that such an exclusion may be

appropriate in this proceeding.

17. <u>Procedure Following Conclusion of Litigation</u>. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation. Upon resolution of this action in the trial court, all Confidential Information or Restricted Information shall be held by counsel pending final resolution of this litigation by appeal or otherwise. Within 90 days after such final resolution, all documents containing Confidential Information or Restricted Information, including all copies, summaries, and compilations, shall be destroyed or, at the request of producing counsel, be returned. Each party is responsible for such return or destruction and shall certify to all other counsel of record that such destruction or return in fact took place.

18. Notwithstanding Paragraph 17 above, counsel are not required to destroy legal memoranda or opinion letters and other attorney-client privilege or work product documents that may contain references to or information extracted from said documents, and all such memos and correspondence may be retained in the attorney's files. However, the confidentiality of documents and information is otherwise to be protected in accordance with the terms of this Order.

19. <u>Miscellaneous</u>. Nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

20. Nothing contained in this Order is intended to or shall be deemed to limit either party from any further use of Confidential Information or Restricted Information (or information derived therefrom) which that party or its agent has itself produced, generated or obtained other than through discovery in this action. Notwithstanding Paragraph 17 above, each party is likewise not required to destroy its own Confidential Information.

**21. If a party to whom Confidential Information or Restricted Information material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this**

**protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order. It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce any Confidential Information or Restricted Information materials in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

22. Upon the signing of this stipulation and Order by the Court, this Order shall be effective against each Party as of the date of the signature of that Party or its representative. The Parties agree to abide by the terms of this Order prior to its approval by the Court and whether or not it is ultimately approved by the Court.

23. Except as specifically provided herein, the terms, conditions and limitations of this stipulation and Order shall survive the termination of this action.

Dated: March 31, 2014

                    /S/ FREDERICK F. MUMM
                     FREDERICK F. MUMM
                United States Magistrate Judge

"ATTACHMENT A"

VERIFIED ACKNOWLEDGMENT

I, the undersigned, do hereby declare:

I have read the protective order in the subject lawsuit regarding confidential and proprietary documents ("Stipulated Protective Order").  I hereby agree to abide by the terms of the Stipulated Protective Order.

Executed this ___ day of _____, ____, at _____, _____.

_____

EAST\67646546.2
3814637.1 -- L103.10

2